IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED PARKS JR., | ) | CASE NO. 5:20-CV-00634 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action under 42 U.S.C. § 405 by Alfred Parks, Jr.

seeking judicial review of 2019 decision of the Commissioner of Social Security that

denied Parks '2018 application for disability insurance benefits.[2] The Commissioner has

answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to the initial

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge
Sara Lioi.
[2] ECF No. 1.
[3] ECF No. 13.
[4] ECF No. 14.

order of the district judge,[5] as well as my initial[6] and procedural orders,[7] the parties have filed briefs,[8] together with fact sheets[9] and charts.[10] The parties have met and conferred with the goal of reducing and/or clarifying the issues.[11] They have participated in a telephonic oral argument.[12]

For the following reasons, I will recommend that the decision of the Commissioner be reversed and the matter remanded, as is more fully set forth below.

## The ALJ's Decision

Parks, who was 41 years old at the time of the hearing, is a high school graduate who attended two years of community college.[13] At the time he stopped working in September 2017 he was employed as a surgical processor who cleaned and sterilized surgical instruments.[14] The ALJ determined that Parks has two severe impairments:

---

[5] ECF No. 5.
[6] ECF No. 7.
[7] ECF No. 15.
[8] ECF Nos. 17 (Parks), 18 (Commissioner).
[9] ECF Nos. 16 (Parks), 19 (Commissioner).
[10] ECF No. 17, Attachment (Parks).
[11] ECF No. 20.
[12] ECF No. 22.
[13] Tr. at 62.
[14] *Id*. at 61-62, 66.

osteoarthritis of his hips and tachycardia.[15] But the ALJ also determined that Parks did not meet or medically equal a listed impairment.[16]

After considering the evidence, which included the opinions of two state agency consultants that the ALJ judged to be persuasive,[17] the ALJ concluded that Parks has the residual functional capacity (RFC) to perform sedentary work with the following additional restrictions:

> No climbing of ladders, ropes or scaffolds, kneeling or crawling; occasional climbing of ramps and stairs, balancing, stooping, and crouching; no exposure to hazards (heights, machinery, commercial driving).[18]

Under the terms of the RFC, Parks was found not capable of performing any past relevant work.[19] With the assistance of testimony from a vocational expert (VE), and considering Parks 'age, education, work experience and RFC, the ALJ then found that Parks was able to perform the duties of three occupations for which jobs exist in significant numbers in the national economy: document preparer, touch-up screener and patcher.[20] Parks was then found not disabled.[21]

### Issues on judicial review

Park raises two issues on judicial review:

---

[15] *Id*. at 16.
[16] *Id*. at 16-17.
[17] *Id*. at 20.
[18] *Id*. at 17.
[19] *Id*. at 21.
[20] *Id*. at 22.
[21] *Id*. at 23.

1.      The ALJ erred at Step Three when he found that Parks did not meet the requirements of Listing 1.02A. The evidence demonstrates that Parks 'avascular necrosis of his bilateral hips severely limits his ability to ambulate effectively.[22]

2.      The ALJ's RFC finding is not supported by substantial evidence when the ALJ failed to fully and fairly evaluate Parks 'avascular necrosis of the bilateral hips.[23]

## The Parties' Arguments

### 1.      Parks

Parks asserts that he suffers from major dysfunction of both hips, as is shown by examination notes and x-rays from January, February and August 2018.[24] He argues that at Step Three the ALJ improperly relied on an emergency room visit from November 2017 that showed normal range of motion in all four extremities and a January 2018 office examination that showed Parks could heel walk, toe walk and tandem gait without difficulty, as well as citing to his ability to be independent in activities of daily living.[25]

By contrast to this evidence, Parks points out that by January of 2018 he was having difficulty walking and was using a cane.[26] An x-ray in February 2018 documented that he had end stage bilateral hip osteoarthritis and was suffering from severe avascular necrosis of the bilateral hips with the right more symptomatic than the left.[27] Several months later,

---

[22] ECF No. 17 at 1.
[23] *Id*.
[24] *Id*. at 10 (citing transcript).
[25] *Id*. at 11 (citing transcript).
[26] *Id*. at 10 (citing transcript).
[27] *Id.*

4

in August 2018, Dr. Matthew Kraay, M.D., a treating physician, noted that when Parks walks, he has to put his left leg behind his right leg, is very unsteady and at risk of falling.[28] One month later, in September 2018, Dr. Kraay noted that Parks cannot rotate from an extremely external rotated position of both hips, which makes it incredibly difficult to walk or even sit.[29]

In December 2018, Dr. Kraay performed a total right complex hip replacement.[30] At a follow-up examination in January 2019, Dr. Kraay advised Parks that he could schedule his left hip replacement in "a couple of months" and could now stop wearing an abduction brace and progress to using a cane.[31]

Parks essentially argues that the objective evidence supports a finding that he met Listing 1.02A and that his complaints of pain, which are substantiated in Dr. Kraay's notes, were improperly discredited in formulating the RFC.[32]

## 2.    The Commissioner

The Commissioner, for his part, maintains first that the ALJ properly found that Parks did not meet Listing 1.02A because the evidence shows that he did not need an ambulatory device for each hand, as required, and because neither state agency consultant opined that he met the listing.[33] Further, the Commissioner contends that the ALJ correctly

---

[28] Tr. at 411.
[29] *Id*. at 421.
[30] *Id*. at 502.
[31] *Id*. at 460.
[32] ECF No. 17 at 121-3.
[33] ECF No. 18 at 10-11.

discredited Parks 'complaints of pain, citing the 2017 and early 2018 medical evidence, as well as Parks 'activities of daily living, and then noting that both state agency consultants concluded that Parks could perform sedentary work, with restrictions.[34]

## Analysis

**T**his case is largely analyzed under the well-known substantial evidence standard, which need not be re-stated here.

Dr. Elizabeth Roseberry, M.D., the first state agency reviewer, gave her opinion on Parks 'functional abilities on February 20, 2018[35] and so never saw Dr. Kraay's notes from August 2018 forward documenting Parks" 'progressive difficulty walking in the past six to twelve months,"[36] nor did Dr. Rosenberry review Dr. Kraay's opinion of September 20, 2018 that discussed Parks" 'severe deformity of the bilateral hips with severe disability and limitations."[37] In addition, the May 14, 2018 opinion of state agency reviewer Dr. Robert Wysokinski, M.D., also did not consider Dr. Kraay's evidence.[38]

Equally significant, the ALJ, in his review of the evidence, essentially skips a year from Parks being discharged from physical therapy in February 2018 to referencing

---

[34] *Id*. at 14-15.
[35] Tr. at 83-91.
[36] *Id*. at 411.
[37] *Id*. at 421.
[38] *Id*. at 93-102.

examination notes of December 2018 and February 2019, or after the right hip replacement, that the ALJ found to show "normal gait" and a pain management plan.[39]

Given what the record clearly shows took place during that year between February 2018 and February 2019, the ALJ's failure to adequately address these events means that his analysis is not supported by substantial evidence. Further, his reliance on the state agency reviewers who were also ignorant of events over a critical year-long period also means his reliance on these opinions also lacked the support of substantial evidence.

That said, it is impossible to ascertain on judicial review if Parks did or did not meet Listing 1.02A. Dr. Kraay's notes of September 2018 recording that Parks arrived in a wheelchair for his appointment and referencing the "severe deformity" of his hips, with accompanying "severe disability and limitation," leave unanswered the question of whether Parks's condition met the listing. The fact, as noted above, that neither state agency reviewer had the benefit of nearly a year's worth of significant evidence in this regard, means that the ALJ cannot simply rely on their outdated opinions to determine if the listing was met.

My observations as to the question of meeting the listing apply with equal force to the issue of whether the RFC was properly supported.

The evidence is that Parks's right hip replacement of December 2018 appears to have had positive effects. In particular, the follow-up examination of January 16, 2019

---

[39] *Id.* at 18-19.

notes that Park could ambulate using a cane for short distances and that, as he progressed, he could resume or add to activities of daily living without the use of an abduction brace.[40] All this improvement was apparently the case even though Parks still needed a left hip replacement.[41]. This suggests the possibility of a finding of a closed period of disability based upon the medical evidence pre and post Parks's total right complex hip replacement in December of 2018.[42]

### Conclusion

Accordingly, for the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion. In that regard, the ALJ on remand is directed to re-examine the question of whether Listing 1.02A was met some time after February 2018, as well as if, with appropriate consideration of the evidence from February 2018 forward, the current RFC is supported by substantial evidence. In addition, on remand the ALJ should explore whether the evidence supports a closed period of disability.

IT IS SO RECOMMENDED.

Dated: April 28, 2021                         s/William H. Baughman Jr.
                                              United States Magistrate Judge

---

[40] *Id*. at 460.
[41] *Id*. at 460.
[42] The introductory language to Listing §1.02A defines "the inability to walk effectively," in part as "the inability to walk a block at a reasonable pace on rough or uneven surfaces. . . ." Given the observations in Dr. Kraay's treatment notes in September of 2018, clinical evidence exists in the record supporting the argument that Parks did not have the ability to walk effectively prior to his surgery.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[43] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh g denied*, 474 U.S. 1111 (1986).