UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALFRED PARKS, JR., | CASE NO. 5:20-cv-634 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| DEFENDANT. | |

Before the Court is the joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") of $5,300.00 in attorney's fees. (Doc. No. 28.) For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On March 25, 2020, plaintiff filed this action seeking judicial review of defendant's denial of his application for disability insurance benefits. (Doc. No. 1 (Complaint).) On April 1, 2021, this Court reversed the administrative decision and remanded to the Commissioner for further proceedings. (Doc. No. 25 (Memorandum Opinion); Doc. No. 26 (Judgment Entry).) The parties subsequently filed the present stipulation for an award of attorney's fees pursuant to the EAJA.[1]

---

[1] Prior to the filing of the present stipulation, plaintiff filed a petition for attorney's fees under the EAJA and appended to his motion supporting documentation. (*See* Doc. No. 27 (Motion).) Because the Court approves the parties' joint stipulation, plaintiff's previously filed motion for fees is denied as moot.

**II. DISCUSSION**

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified, and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff shows 28.50 hours of legal services performed between February 24, 2020 and June 16, 2021, including the typical legal services of reviewing the administrative transcript, conducting legal research, drafting briefs, and the like. (Doc. No. 27-1 (billing summary).) The Court finds the number of hours claimed and the nature of these legal services to be reasonable.

Plaintiff's counsel indicates a billing rate of $196.82, which is an upward departure from the $125.00 statutory cap set by Congress in March 1996. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost-of-living increase). Counsel's proposed rates comport with the measure of inflation in this geographic region (i.e., the "Midwest Urban" Consumer Price Index ("CPI")). (*See* Doc. No. 27-2 (Midwest CPI) at 1.)

The Court finds that the $5,300.00 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $5,300.00 in attorney's fees, less any setoff, be made payable to plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

### III. CONCLUSION

For the reasons set forth herein, the Court approves the parties' joint stipulation (Doc. No. 28) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $5,300.00 in attorney's fees, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: October 1, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**