# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALFRED PARKS, JR., ) | CASE NO. 5:20-cv-634 |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| vs. ) | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| DEFENDANT. ) | |

Plaintiff, Alfred Parks, Jr., commenced this action to appeal a final administrative decision denying his claim for disability benefits. (Doc. No. 1 (Complaint).) On May 14, 2021, this Court reversed the administrative decision and remanded the matter to defendant, Commissioner of Social Security, for further proceedings. (Doc. No. 25 (Memorandum Opinion); Doc. No. 26 (Judgment Entry).) On October 1, 2021, upon the parties' stipulation, the Court awarded plaintiff's counsel $5,300.00 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 29 (Memorandum Opinion and Order); Doc. No. 30 (Judgment Entry); *see* Doc. No. 28 (Stipulation).)

On remand, plaintiff was found disabled as of September 10, 2017, and awarded past due benefits from March 2018. (Doc. No. 31-1 (Notice of Award), at 2[1].) In its notice informing plaintiff of his entitlement to benefits, the Social Security Administration notified plaintiff that it

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

was withholding $23,352.50 in benefits, representing an award of attorney's fees equal to 25% of the total amount of past due benefits to which plaintiff is entitled. (*Id*. at 4.)

The matter is presently before the Court on a petition for authorization of attorney's fees, pursuant to 42 U.S.C. § 406(b), filed by plaintiff's counsel. (Doc. No. 31 (Petition); *see* Doc. No. 32 (Response).) In the petition, counsel requests fees in the amount of $13,352.00 for work in federal court. (*Id*. at 2.) Counsel also acknowledges her previous award of attorney's fees under the EAJA. (*Id*. at 1.) Defendant advises that it has identified no reason to oppose the petition, provided that plaintiff's counsel repays plaintiff the previously awarded EAJA fees to avoid a double recovery. (Doc. No. 32, at 2.) *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

To be entitled to an award under § 406(b), an attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnard*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hays v. Sec'y of Health*

*& Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).

An award will not be considered improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* Accordingly, the Court will not find that a contingency fee agreement has generated a windfall to the attorney where "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Here, counsel and plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of plaintiff's past-due benefits. (Doc. No. 14 (Contingency Fee Agreement), at 110–111.) The submitted time sheet shows that counsel spent 28.50 hours representing plaintiff before this Court. (Doc. No. 31-2 (Time Sheet), at 1.) The fee sought by counsel of $13,352.00 translates into a hypothetical hourly rate of $468.49. (*See id.*) Courts in this district have previously determined that a fee of $350.00 per hour is not excessive in awarding fees pursuant to § 406(b). *See, e.g.*, *Koprowski v. Comm'r of Soc. Sec.*, 1:10-cv-1216, 2013 WL 29804, at *2–3 (N.D. Ohio Jan. 2, 2013); *Brown v. Comm'r of Soc. Sec.*, No. 4:09-cv-2870, 2012 WL 6682112, at *3 (N.D. Ohio Dec. 21, 2012) (collecting cases). Therefore, an hourly rate of $468.49 does not constitute a windfall and represents less than twice the standard rate for such work in the relevant market. *See*

*Hayes*, 923 F.2d at 422. Moreover, there have been no allegations, nor has the Court found any instances, of improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite the contrary, plaintiff was well represented by counsel in this case, and his counsel achieved an excellent result. The Court finds that counsel has satisfied her burden of demonstrating the reasonableness of the requested fee.

For the reasons set forth herein, the Court hereby GRANTS the petition and AWARDS attorney's fees in the amount of $13,352.00 under 42 U.S.C. § 406(b), provided that plaintiff's counsel refunds to plaintiff $5,300.00 in attorney's fees that this Court previously awarded under the EAJA.

**IT IS SO ORDERED**.

Dated: February 10, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**